22-1729-cr
*United States v. Robinson*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of February, two thousand twenty-four.

PRESENT:
> PIERRE N. LEVAL,
> MICHAEL H. PARK,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

United States of America,

   *Appellee,*

  v.         22-1729

Saiquan Robinson, AKA Sealed Defendant 1,

   *Defendant-Appellant.*

_____

| | |
|---|---|
| FOR APPELLEE: | Jacob R. Fiddelman, Justin V. Rodriguez, Won S. Shin, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |
| FOR DEFENDANT-APPELLANT: | Elizabeth M. Johnson, Law Office of Elizabeth M. Johnson, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Wood, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Saiquan Robinson pleaded guilty, without a plea agreement, to one count of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). The district court imposed the statutory maximum sentence of 120 months' imprisonment. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

Robinson challenges his 120-month sentence as procedurally and substantively unreasonable. We review sentencing challenges based on unpreserved procedural errors using a "rigorous plain error analysis." *United States v. Villafuerte*, 502 F.3d 204, 208 (2d Cir. 2007). "To establish eligibility for plain-error relief, a defendant must satisfy three threshold requirements. *First*, there must be an error. *Second*, the error must be plain. *Third*, the error must affect substantial rights, which generally means that there must be a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Greer v. United States*, 593 U.S. 503, 507–08 (2021) (internal quotation marks and citation omitted). We also review challenges for substantive reasonableness under a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "The particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge, with

appellate courts seeking to ensure only that a factor can bear the weight assigned it under the totality of circumstances in the case." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (internal quotation marks and citation omitted).

First, Robinson argues that the district court procedurally erred by failing to make an intent-to-kill "finding required to support the use of [the U.S.S.G. § 2A2.1] Guideline" for attempted first-degree murder. Appellant's Br. at 9. After Robinson expressed an interest in pleading guilty, the government produced a *Pimentel* letter projecting that the attempted-murder Guideline would apply, yielding a Guidelines range of 121–151 months' imprisonment.[1] The Probation Office's Presentence Investigation Report (PSR) mirrored the government's analysis. Both before and during sentencing, Robinson stated that he accepted both the PSR and the government's calculation of the applicable Guidelines range. The district court then imposed the statutory maximum sentence of 120 months' imprisonment. Robinson now argues that the district court procedurally erred by failing to make an express finding that he intended to kill someone.

The government argues that Robinson's claim is waived. Appellee's Br. at 19. It points to the February 23, 2022 status conference, at which Robinson was advised of his right to challenge the PSR, *id.* at 19–20, and to Robinson's July 6, 2022 sentencing memorandum, in which he affirmatively indicated his agreement with the PSR's and the government's Guidelines calculations, *id.* at 11, thereby conceding acceptance of the application of the attempted-murder Guideline, as evidence that Robinson intentionally chose not to challenge the Guidelines calculation. Furthermore, Robinson was expressly offered the opportunity to require the

---

[1] The government supplied the letter pursuant to the Court's suggestion in *United States v. Pimentel*, 932 F.2d 1029, 1034 (2d Cir. 1991).

government to present the evidence in support of the PSR Guidelines calculation at a *Fatico* hearing. *United States v. Fatico*, 603 F.2d 1053 (2d Cir. 1979). Robinson concedes that he declined to pursue a *Fatico* hearing, preferring to "allow[] the court to base its sentencing decision on his conduct as described in the PSR." Appellant's Reply Br. at 7. By accepting the PSR's Guidelines calculation, Robinson made the tactical decision not to risk losing any acceptance of responsibility credit and to emphasize mitigating factors under § 3553. Appellee's Br. at 18–21 (citing *United States v. Quinones*, 511 F.3d 289, 321 (2d Cir. 2007) ("[I]f, as a tactical matter, a party raises no objection to a purported error, such inaction constitutes a true waiver which will negate even plain error review." (internal quotation marks omitted)).

In any event, the procedural error Robinson alleges would not have affected his substantial rights. Robinson has not shown that, but for the district court's failure to state expressly that it was making an intent-to-kill finding, "the outcome of the proceeding would have been different." *Greer*, 593 U.S. at 504. We thus reject Robinson's procedural challenge to the imposition of his sentence.

Second, Robinson argues that the district court's statutory maximum sentence is "so high as to be substantively unreasonable" considering the mitigating factor that the court credited. Appellant's Br. at 12. But this is not one of those "exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted).

The district court adequately explained the reasons for its chosen sentence. Specifically, the district court noted Robinson's extensive and escalating criminal history, specific and general deterrence, Robinson's likelihood of recidivating, and a general concern about protecting the

4

community.  *See* 18 U.S.C. § 3553(a)(1); (a)(2)(B-C).  The specific weight afforded to the letters of support and the conditions of confinement, App'x at 58, "is a matter firmly committed to the discretion of the sentencing judge."  *Broxmeyer*, 699 F.3d at 289 (quoting *United States v. Fernandez*, 443 F.3d 19, 32 (2d Cir. 2006)).  Robinson's differing opinion on the court's conclusion that the "significant aggravating factors" outweighed the mitigating factors in his case is an argument this court has rejected many times.  *See United States v. Osuba*, 67 F.4th 56, 68 (2d Cir. 2023) (citing *Cavera*, 550 F.3d at 189 ("[W]e will not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case.")).  The sentence was substantively reasonable.

We have considered all of Robinson's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court